**JUDGE CHIN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 5721

-------------------------------------------------X
HYUNDAI FIRE & MARINE INSURANCE
CO. LTD., a/s/o MX ENTERPRISE SYSTEMS,
INC.,

                Plaintiff,

    -against-

XIAMEN OCEAN SHIPPING CO.,

                Defendant.
-------------------------------------------------X

08 CV
ECF CASE

VERIFIED COMPLAINT



RECEIVED
JUN 25 2008
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, HYUNDAI FIRE & MARINE INSURANCE CO, LTD. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the defendant, XIAMEN OCEAN SHIPPING CO., (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, plaintiff, HYUNDAI FIRE & MARINE INSURANCE CO. LTD., was, and still is, a foreign corporation duly organized and operating under the laws of South Korea, with an office and place of business located at Bldg 178, Sejong-Ro Jongro-Gu, Seoul, 110-731, South Korea, and is subrogated underwriter of a consignment of steel pipes shipped aboard the M/V XIANG AN CHENG, as more fully described below.

    3.    At all material times, MX ENTERPRISE SYSTEMS, INC., was and is a business entity with an office and place of business located at 205 Lemon Creek Drive, Walnut, CA 91789, and was the consignee, owner and/or assured of the consignment of steel pipes hereinbelow described.

4. Upon information and belief, defendant, XIAMEN OCEAN SHIPPING CO., was and still is a foreign business entity, organized and existing pursuant to the laws of a country other than the United States, with an office and place of business located at Ocean Bldg 268, Lujiang Road, Xiamen 361001, China, and at all times relevant was the owner, manager, charterer and/or operator of the M/V XIANG AN CHENG.

## RELEVANT FACTS

5. On or about June 2, 2007, 503 pieces of ASTM Grade B Tubing, then being in good order and condition, were delivered into the care and custody of the defendant, and/or its agents, for transportation from Xingang, China to Houston, Texas in consideration of an agreed freight, pursuant to Xiamen Ocean Shipping Company bill of lading number CXMNXAC07007117, dated June 2, 2007.

6. Thereafter, the aforementioned consignment was loaded aboard the M/V XIANG AN CHENG and the vessel sailed for its intended destination.

7. On or about July 27, 2007, the vessel arrived and discharged the cargo of tubing in Houston, Texas.

8. Upon completing discharge of the cargo, it was discovered that 243 pieces of Grade B tubing had sustained physical damages including, but not limited to, flattened ends and dented walls, and 12 pieces of tubing were noted to be missing.

9. The physical damages to the referenced consignment and shortage of 12 tubes were not the result of any act or omission of the plaintiff but, to the contrary, were due solely as a result of the negligence, breach of contract and bailment on the part of the defendant.

10. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, in the amount of at least $14,000.

11. The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro*, *American Express Bank*, *Bank of America*, *Bank of New York*, *Citibank*, *Deutsche Bank A.G.*, *HSBC Bank USA*, *J.P. Morgan Chase*, *Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the defendant.

12. The plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular matters alleged in the Complaint;

B. The Court order, adjudge and decree that defendant be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post-judgment interest thereon and costs.

C. That since the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies,

tangible or intangible, or any other funds held by any garnishee including, but not limited to, *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are due and owing to the defendant, in the amount of $14,000 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint; and

    D.    That plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 25, 2008
       101-71

                                     The Plaintiff,
                                     Hyundai Marine & Fire Insurance Co.

By: _____
      Christopher M. Schierloh (CS-6644)
      CASEY & BARNETT, LLC
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      Tel: 212-286-0225
      Fax: 212-286-0261
      cms@caseybarnett.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )  ss:
County of New York   )

1.  My name is Christopher M. Schierloh.

2.  I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.  I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4.  I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.  The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.  The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

Dated: New York, New York
       June 25, 2008

_____
Christopher M. Schierloh